UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BRIAN ZARD, on behalf of himself and other
individuals similarly situated,

    Plaintiff,

    vs.

GROUPON, INC., a Delaware Corporation,

    Defendant.

Case No.

CLASS ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL

---

Plaintiff Brian Zard ("Plaintiff" or "Plaintiff Zard"), by and through his attorneys, brings this action on behalf of himself and all others similarly situated against Defendant Groupon, Inc. ("Groupon" or "Defendant") for compensatory damages and equitable, injunctive, and declaratory relief. Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action on behalf of himself and other similarly-situated consumers nationwide who purchased gift certificates for products and services from Groupon. These gift certificates, referred to and marketed as "groupons," are sold and issued with expiration dates that are deceptive and illegal under both federal and state laws.

2. Groupon is a web-based company that purports to offer discounted deals on a wide variety of products and services, including restaurants and bars, salons and spas, clothing and other retail items, and dance classes and other instructional lessons, among other things.

3. Groupon's business model is based on offering discounts to consumers en masse by directly partnering with retail businesses that provide the products or services. Groupon

promises to increase the sales volume of its retail partners by sending out "Daily Deal" e-mails to its massive subscription base (comprised of tens of millions of consumers nationwide), highlighting and promoting the products and services of its retail partners.

4.      Groupon and its retailer partners share in revenues from "groupon" sales.  Once consumers agree to purchase a minimum, specified number of "groupon" gift certificates for a particular "Daily Deal," the "Deal" is triggered, and Groupon charges each consumer the advertised purchase amount.  Groupon then sends a confirmatory e-mail to each purchasing consumer with a link to its website for downloading and printing the "groupon" gift certificate, which then may be redeemed with the retail business offering the product or service for a limited period of time.

5.      Groupon partners with hundreds, if not thousands, of retail businesses around the country.

6.      The problem with Groupon's business model is that Groupon and its retail partners, sell and issue "groupon" gift certificates with relatively short expiration dates, knowing that many consumers will not use the gift certificates prior to the expiration date.  However, the Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., specifically prohibit the sale and issuance of gift certificates, such as "groupons," with expiration dates.  Similarly, Minnesota Statute § 325G.53, prohibits the sale and issuance of gift certificates with expiration dates.

7.      Groupon's systematic placement of expiration dates on its gift certificates is deceptive and harmful to consumers.  Groupon effectively creates a sense of urgency among consumers to quickly purchase "groupon" gift certificates by offering "Daily Deals" for a short amount of time, usually a 24-hour period.  Consumers therefore feel pressured and are rushed into buying the gift certificates and unwittingly become subject to the onerous sales conditions

imposed by Groupon, including illegal expiration terms, which are relatively short, often just a few months.

8.      Groupon and its retail partners bank on the fact that consumers often will not redeem "groupon" gift certificates before the limited expiration period – therefore, many consumers are left with nothing, despite already having paid for the particular service or product. Accordingly, Groupon and its retail partners reap a substantial windfall from the sale of gift certificates that are not redeemed before expiration, which is precisely the type of harmful business conduct that both Congress and the Minnesota State Legislature intended to prohibit.

9.      Plaintiff, like many unsuspecting consumers nationwide, fell victim to Groupon's and its retail partners' deceptive and unlawful illegal conduct and purchased a "groupon" gift certificate bearing an illegal expiration date.

10.      Plaintiff, on behalf of himself and the Class, therefore brings this class action against Groupon for preliminary and permanent injunctive relief, declaratory relief, and equitable relief based on the violations of the CARD Act and the EFTA, 15 U.S.C. §1693 et seq.; the Minnesota Gift Certificate Statute, Minn. Stat. § 325G.53; the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68 *et seq.* ("MPCFA"); the Minnesota False Statements in Advertising Act, Minn. Stat. § 325F.67 ("MFSAA"); the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq*. ("MUTPA"); the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 ("MDTPA"); and quasi-contract/restitution.  Plaintiff seeks damages and equitable relief on behalf of himself and the Class, which relief includes, but is not limited to, full refunds for Plaintiff and Class members, compensatory damages, an order enjoining Groupon from selling and issuing "groupon" gift certificates with unlawful expiration dates, Plaintiff's reasonable attorneys' fees and expert fees, and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class of plaintiffs are citizens of a state different from Groupon.  In addition, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

12.     This Court has personal jurisdiction over Groupon because Groupon is authorized to do business and does conducted business in Minnesota, Groupon has specifically marketed, sold and issued "groupon" gift certificates in Minnesota, and Groupon has sufficient minimum contacts with this State and/or sufficiently avails itself to the markets of this State through its promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

13.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while he resided in this judicial district.  Venue is also proper under 18 U.S.C. § 1965(a) because Groupon transacts substantial business in this District.

## PARTIES

14.     At all times relevant to this matter, Plaintiff Zard, resided and continues to reside in Richfield, Minnesota.   During the relevant time period, Mr. Zard received offers for discounted products and services from Groupon and purchased a "groupon" gift certificate based on representations and claims made by Groupon. The "groupon" gift certificate purchased by Mr. Zard contained an illegal expiration date.

4

15.     Defendant, Groupon, Inc., is a privately-held company incorporated under the laws of the state of Delaware.  Groupon's corporate headquarters is located in Chicago, Illinois. Groupon's principal place of business in California is in Palo Alto, California.  Groupon is registered to do business in the state of Minnesota.  Groupon markets, sells and issues its "groupon" gift certificates to millions of consumers throughout the United States, including hundreds of thousands of consumers in Minnesota and in Hennepin County.

## FACTUAL ALLEGATIONS

**A.      Groupon's Scheme to Sell and Issue Gift Certificates with Illegal Expiration Dates**

16.     Launched in November 2008, Groupon is a "social promotions" website that promises consumers discounted deals on various products and services, purportedly through the power of "collective buying."  To take advantage of the deals offered by Groupon, consumers must sign-up and provide their e-mail address and other information to Groupon.  Close to 40 million people worldwide reportedly have signed-up to receive offers from Groupon.

17.     Every weekday, Groupon sends subscribers in each of the cities it operates a "Daily Deal" e-mail, promoting the particular products or services of the retail businesses with which it has partnered.  To trigger the "Daily Deal," consumers must purchase a specified number of "groupon" gift certificates for the particular product or service offered that day. Groupon sends targeted "Daily Deal" e-mails to close to 90 cities throughout the United States.

18.     To arouse consumer interest and create the urgency to buy "groupon" gift certificates, Groupon offers the "Daily Deal" for a limited amount of time, usually a 24-hour period.  This creates a "shopping frenzy" among consumers who feel pressured to purchase "groupon" gift certificates as quickly as possible.   Consumers purchase "groupon" gift certificates directly through Groupon's website, using their credit or debit cards.

19.     Groupon also uses electronic social media, such as Facebook and Twitter, to promote and stoke demand for its "Daily Deals," creating additional pressure among consumers to buy "groupon" gift certificates before time runs out.

20.     Once Groupon sells the specified number of "groupon" gift certificates for a particular "Daily Deal," the "Deal" is officially on, and consumers are charged for the purchase. Groupon subsequently sends a confirmatory e-mail to purchasers with a link to its website, through which purchasers may download and print their "groupon" gift certificates.  Consumers may also purchase and download "groupon" gift certificates directly to their mobile phones using an application available on Groupon's website.  "Groupon" gift certificates thereafter may be directly redeemed with the retail businesses offering the products and services.

21.     Groupon readily admits on its website that the "groupons" it sells and issues to consumers are in fact gift certificates.

22.     Groupon imposes illegal expiration dates, among other onerous conditions, on each "groupon" gift certificate it sells and issues, to the detriment of consumers.  The expiration periods on "groupon" gift certificates are frequently just a few months from the date of purchase. Ironically, Groupon knows that after it has driven consumers to purchase "groupon" gift certificates as quickly as possible, many consumers ultimately will be unable to redeem the gift certificates before the expiration period.

23.     Accordingly, consumers often cannot take advantage and use the product or service for which they paid before the expiration period imposed by Groupon – leaving a substantial windfall for Groupon and its retail partners.

24.     In addition to imposing illegal expiration periods, Groupon foists other deceptive and unfair conditions on consumers.  Groupon requires consumers to redeem "groupon" gift certificates in the course of a single transaction.  Consumers therefore are forced to redeem their

gift certificates all at once and cannot use their gift certificates for multiple transactions or on multiple occasions.  Likewise, consumers cannot redeem any unused portion of "groupon" gift certificates for the cash amount.  Moreover, based on information and belief, Groupon does not provide cash refunds to consumers when the retail business offering the services or products refuses to honor the "groupon" gift certificate.  Groupon essentially places handcuffs on the manner in which consumers can redeem their gift certificates for the products and services offered, even though consumers have already paid in full for such products and services.

### B.     Groupon's Retail Business Partners Agree to Sell Gift Certificates with Illegal Expiration Dates

25.     Groupon focuses on two markets – the consumers who wish to obtain the advertised products or services by purchasing "groupon" gift certificates, and the retail businesses who partner with Groupon to promote their products and services.  These retail businesses are willing to partner with Groupon and offer their products and services at a discount because Groupon promises to promote their products and services to its huge subscription base and guarantees them a specified volume of business.  In fact, Groupon promises its retail partners that its "Daily Deal" promotion will bring them new customers "overnight."

26.     Groupon partners with both local businesses and large, nationwide companies.  Groupon's business model, particularly its ability to establish partnerships with retail businesses, depends in large part on its systematic use of illegal expiration dates.  Groupon knows that its retail partners are not willing to offer their products and services at a discount to consumers through the sale of "groupon" gift certificates, without an agreement to limit the time period for which consumers can redeem the gift certificates.  Accordingly, Groupon and its retail partners, continue to flaunt the law by imposing illegal expiration dates on the "groupon" gift certificates sold to consumers.

27.     Groupon attempts to circumvent federal and state gift certificate laws by inserting a disclaimer, titled "Legal Stuff We Have To Say," which is buried at the bottom of "groupon" gift certificates in tiny, barely legible font that is readily overlooked by consumers.

28.     Importantly, the disclaimer is found only on the "groupon" gift certificate itself, which must be downloaded and printed by the consumer.  Thus, consumers who do not download and print their "groupon" gift certificates will never have access to, nor have knowledge of, the disclaimer.

29.     Moreover, the disclaimer does not excuse nor justify Groupon's use of illegal expiration periods.  As set forth below, Groupon's imposition of expiration dates on "groupon" gift certificates constitutes per se violations of federal and state laws, for which there is no applicable exception.

30.     In any event, once "groupon" gift certificates reach their illegal expiration periods, Groupon refuses to honor the bargain originally struck between the parties.

31.     Groupon reaps massive profits from this business model.  Groupon typically takes for itself half (50%) on the sale of each "groupon" gift certificate.  Groupon reportedly made half a billion dollars from "groupon" sales in 2010 alone.  Groupon's retail partners also profit from the influx of new customers and bolstered sales that result from the sale of "groupon" gift certificates.  But again, Groupon and its retail partners' undue profits are based in large part on their use of illegal expiration periods on the gift certificates sold to consumers.

**C. Plaintiff Zard's Purchase of Groupon with an Illegal Expiration Date**

32.     On or about December 10, 2010, Plaintiff Zard received a "Daily Deal" e-mail offer from Groupon for a "groupon" gift certificate redeemable at Jake's City Grille.

33.     Under the terms of the "Daily Deal" offer, as set forth on Groupon's website, Mr. Zard was required to pay $15.00 to Groupon in exchange for a "groupon" gift certificate

redeemable for $30.00 worth of "Upscale American Cuisine" at Jake's City Grille at one of the restaurant's five Minneapolis-area locations.

34.     "The Fine Print" section of the "Daily Deal" offer stated that the "groupon" gift certificate "Expires On: Jun 13, 2011."  "The Fine Print" section also imposed the following conditions: "Limit 2 per person, Limit 1 per table, limit 1 per visit. Valid only for location purchased.  Not valid for Happy Hour, gift certificates or retail items. Tax and gratuity not included.  Not valid with other offers . . . Not valid for cash back . . . Must be used in one visit . . . Can't be combined with other offers."

35.     Mr. Zard purchased a single "groupon" gift certificate and made payment of $15.00 to Groupon through Groupon's website.

36.     Mr. Zard subsequently received an e-mail from Groupon confirming his purchase of the "groupon" gift certificate.  The e-mail contained a link to Groupon's website from which Mr. Zard could download and print the "groupon" gift certificate.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action on behalf of himself and all those similarly situated pursuant to Rule 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

38.     Plaintiff seeks certification of the following classes:

**Plaintiff Federal Class (the "Federal Class")**:

All persons who purchased or acquired a "groupon" gift certificate from Groupon with an expiration date of less than five years from the date of purchase.

Specifically excluded from the Federal Class are Groupon's officers, directors or employees, any entity in which Groupon has a controlling interest, and any of Groupon's affiliates, legal representatives,

heirs, or assigns.  Plaintiff reserves his right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

**Plaintiff State Class (the "State Class")**:

All persons who purchased or acquired a "groupon" gift certificate from Groupon in all states that prohibit the sale of a gift certificate with an expiration date of less than two years from the date of purchase.

Specifically excluded from the State Class are Groupon's officers, directors or employees, any entity in which Groupon has a controlling interest, and any of Groupon's affiliates, legal representatives, heirs, or assigns.  Plaintiff reserves his right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

39.     *Numerosity*. The Federal Class and State Class (collectively the "Classes") are, individually, comprised of millions of consumers throughout Minnesota and the United States. The Classes are, individually, so numerous that joinder of all members of the Classes is impracticable.

40.     *Commonality*.  As outlined below, common questions of law and fact exist as to all members of the Classes.  Additionally, common questions of fact and law exist because Plaintiff and all Class Members purchased "groupon" gift certificates under a standardized, uniform, and systematic purchasing process implemented by Groupon.

41.     *Adequacy of Representation*.  Plaintiff will fairly and adequately protect the interests of the members of the Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation due to him for the unfair and illegal conduct of which

he complains.   Plaintiff has retained highly competent counsel and experienced class action attorneys to represent his interests and that of the Class.   Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action.   Plaintiff has no adverse or antagonistic interests to those of the Class.   Plaintiff is willing and prepared to serve the Court and the Class members in a representative capacity with all of the obligations and duties material thereto and is determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

42.   *Typicality*.   Plaintiff's claims are typical of the claims of the members of the Classes because he purchased the "groupon" gift certificate from Groupon in a typical retail consumer process and the "groupon" gift certificate had an expiration date.   Thus, Plaintiff and Class members sustained the same damages arising out of Groupon's common course of conduct in violation of law as complained of herein.   The damages of each Class member was caused directly by Groupon's wrongful conduct in violation of law as alleged herein.

43.   Adequate notice can be given to Class members directly using information maintained in Groupon's records or through notice by publication.

**Rule 23(b)(3)**

44.   This action is appropriate as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45.   *Existence and Predominance of Common Questions of Law and Fact*.   Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.   These common legal and factual questions include, but are not limited to, the following:

a) Whether Groupon sold and issued "groupon" gift certificates subject to expiration dates;

11

b) Whether Groupon's imposition of expiration dates on "groupon" gift certificates violates federal laws, Minnesota state laws, and/or similar laws in other states;

c) Whether Groupon engaged in deceptive and unfair business and trade practices related to the imposition of expiration dates on "groupon" gift certificates and other onerous terms and conditions;

d) Whether Plaintiff and Class members are entitled to declaratory, injunctive and/or equitable relief; and

e) Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages plus interest thereon, and if so, what is the nature of such relief?

46.     *Superiority*.  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous actions would engender. Furthermore, the expenses and burden of individual litigants and the lack of knowledge of Class members regarding Groupon's activities, would make it difficult or impossible for individual Class members to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudication of such individualized litigation would be substantial.  The trial and litigation of Plaintiffs' claims will be manageable.

47.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this Class Action Complaint that would preclude its maintenance as a class action.

## Rule 23(b)(2)

48.     This action is also appropriate as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

49.     Plaintiff also seeks injunctive and corresponding declaratory and incidental monetary relief for the entire Class. Groupon acted in a manner generally applicable to the entire Class by selling and/or issuing "groupon" gift certificates with illegal expiration dates.

50.     Groupon's wrongful conduct and practice to unlawfully sell and/or issue "groupon" gift certificates, if not enjoined, will subject Class members to enormous continuing future harm and will cause irreparable injuries to Class members who are misled and denied their rights.

51.     Plaintiff also seeks preliminary injunctive relief to enjoin Groupon from selling and/or issuing "groupon" gift certificates with illegal expiration dates. Groupon sells thousands of "groupon" gift certificates daily and each sale increases the odds that consumers will fail to redeem their "groupon" gift certificates before the illegal expiration date. The result is that Groupon enjoys a substantial windfall at the expense of Plaintiff, Class members, and consumers nationwide.

52.     The monetary relief sought on behalf of the Class to remedy Groupon's wrongful conduct flows directly from Groupon's liability to the Class as a whole and can be objectively determined. The loss of monies by Class members can be mathematically quantified and does not depend on any subjective assumptions or idiosyncrasies that are particular to individual Class members. Damages may be calculated from the sales records in Groupon's possession, so that

the cost of administering a recovery for the Class can be minimized.  Importantly, the precise amount of damages available to Plaintiff and other members of the Class is not a barrier to class certification.

## COUNT I

### Violations of the Credit Card Accountability Responsibility and Disclosure Act and Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq., on Behalf of Plaintiff and All Class Members Against Groupon

53.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Class Action Complaint as if set forth herein.

54.     The CARD Act, which amends the EFTA, prohibits the sale or issuance of gift certificates that feature and are subject to expiration dates.

55.     Groupon sold and issued and/or agreed to sell and issue "groupons," which are "gift certificates" as defined under 15 U.S.C. § 1693l-1(a)(2)(B).  "Groupons" constitute promises that are: (a) redeemable at a single merchant or an affiliated group of merchants; (b) issued in a specified amount that may not be increased or reloaded; (c) purchased on a prepaid basis in exchange for payment; and (d) honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

56.     Indeed, Groupon readily admits on its website that "groupons" are gift certificates.

57.     At all relevant times, "groupon" gift certificates were sold and issued to consumers through electronic fund transfer systems established, facilitated and monitored by Groupon.

58.     "Groupon" gift certificates are not exclusively issued in paper form, as Groupon provides an e-mail link to consumers to download and print such gift certificates.  Moreover,

14

consumers may download "groupon" gift certificates to their mobile phones through an application available on Groupon's website.

59.     "Groupon" gift certificates are marketed and sold to the general public and are not issued as part of any loyalty, award, or promotional program.

60.     Groupon violated the CARD Act and EFTA by selling and issuing and/or agreeing to sell and issue "groupon" gift certificates with expiration dates, which is plainly prohibited under § 1693l-1(a)(2)(B) and § 1693l-l(c)(1).

61.     As a direct and proximate result of Groupon's unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was charged and collected by Groupon through the sale of "groupon" gift certificates with illegal expiration dates.

62.     Pursuant to 15 U.S.C. § 1693m, Plaintiff, on behalf of himself and the Class, seeks a Court order for actual and statutory damages to be determined by the court, injunctive relief, as well as reasonable attorneys' fees and the cost of this action.

## COUNT II

**Violations of the Minnesota Gift Certificate Statute § 325G.53, on Behalf of Plaintiff and Class Members Who Reside in Minnesota Against Groupon**

63.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Class Action Complaint as if set forth herein.

64.     Under Minnesota Statute § 325G.53, "It is unlawful for any person or entity to sell a gift certificate that is subject to an expiration date or a service fee of any kind, including, but not limited to, a service fee for dormancy."

65.     Groupon sold and issued and/or agreed to sell and issue "groupons," which are "gift certificates" as defined under Minnesota Statute § 325G.53 subdivision 1(a). "Groupons" are "tangible records evidencing a promise, made for consideration, by the seller or issuer of the

record that goods or services will be provided to the owner of the record to the value shown in the record."

66.     "Groupon" gift certificates are marketed and sold to the general public and are not "distributed to a consumer for loyalty, promotional, award, incentive, rebate, or other similar purposes without any money or other tangible thing of value being given by the consumer in exchange for the gift certificate or gift card." Minn. Stat. § 325G.53 Subd. 3(1).

67.     In addition, "groupon" gift certificates are marketed and sold to the general public and are not "sold below face value or at a volume discount to employers or to nonprofit and charitable organizations for fund-raising purposes." Minn. Stat. § 325G.53 Subd. 3(2).

68.     Groupon violates Minnesota's gift certificate law and similar laws in other states by selling and issuing and/or agreeing to sell and issue "groupon" gift certificates with expiration dates. Such conduct is ongoing and continues to this date.

69.     Groupon's conduct caused and continues to cause substantial injury to Plaintiff and other Class members. Plaintiff has suffered injury in fact and lost money as a result of Groupon's conduct of imposing expiration dates that were, and are, in fact illegal under both federal and state law and contrary to public policy. Pursuant to Minnesota Statute §§ 325G.53 subdivision 4 and 8.31 subdivision 3a, Plaintiff and Class members seek to recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court.

70.     Furthermore, pursuant to Minnesota Statute §§ 325G.53 subdivision 4 and 8.31 subdivision 3, Plaintiff seeks injunctive relief to restrain Groupon from violating federal and state laws, and an order requiring Groupon to return the full amount of money improperly collected to all those who have paid them.

**COUNT III**

**Violations of the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68 et seq., on behalf of Plaintiff and Class Members Who Reside in Minnesota Against Groupon**

71.    Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

72.    Section 325F.69 subdivision 1 of the MPCFA prohibits the use of "any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby."

73.    Groupon intentionally misrepresented and falsely promised the quality and nature of its "groupon" gift certificates by imposing expiration dates that were in fact illegal under both federal and state law and contrary to public policy.

74.    Groupon further violated the MPCFA by disseminating and/or agreeing to disseminate, through Groupon's website and other promotional channels, false and misleading statements about "groupon" gift certificates that deceived the public.  Further, Groupon omits material information about "groupon" gift certificates with the intent to induce reliance by consumers to purchase such gift certificates.  Groupon's claims, nondisclosures and misleading statements concerning "groupon" gift certificates, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of the MPCFA.

75.    Groupon's business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this State.  Further, any justifications for Groupon's wrongful conduct is outweighed by the adverse effects of such conduct.  Thus, pursuant to Minnesota Statute § 8.31 subdivision 3a, Plaintiff and Class members seek to recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court.

76.     Furthermore, pursuant to Minnesota Statute § 8.31 subdivision 3, Plaintiff seeks an order requiring Groupon to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Groupon to return the full amount of money improperly collected to all those who have paid them.

## COUNT IV

**Violations of Minnesota False Statement in Advertising Statute § 325F.67, on Behalf of Plaintiff and Class Members Who Reside in Minnesota Against Groupon**

77.     Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

78.     Minnesota's False Statement in Advertising Statute § 325F.67 prohibits various deceptive practices in connection with the dissemination, in any manner, of representations that are likely to deceive members of the public to purchase products and services such as the "groupon" gift certificates offered by Groupon.

79.     Groupon's acts and practices as described herein have deceived and/or are likely to deceive Plaintiff and Class members.  Groupon uses its website and targeted "Daily Deal" promotions, along with other social media, such as Facebook and Twitter, to make, publish, disseminate, circulate, or place before the public deceptive, misleading and untrue statements in the state of Minnesota.  Through this extensive market and advertising scheme, Groupon sells and/or issues gift certificates that are in fact illegal under both federal and state laws.

80.     By its actions, Groupon has been, and currently is, disseminating uniform advertising concerning "groupon" gift certificates, which by its nature is unfair, deceptive, untrue, or misleading within the meaning of Minnesota Statute § 325F.67.  Such advertisements deceive, and continue to deceive, the consuming public for the reasons detailed above.

81.     Groupon intended Plaintiff and Class members to rely upon the advertisements and numerous material misrepresentations as set forth more fully elsewhere in the Complaint.  In

fact, Plaintiff and Class members relied upon the advertisements and misrepresentations to their detriment.

82.     The above-described false, misleading, and deceptive advertising Groupon disseminated continues to deceive consumers in that Groupon has failed to disclose the true and actual limitations of their gift certificates.  Groupon has failed to instigate a public information campaign to alert consumer of these limitations, which continues to create a misleading perception of the efficacy of its gift certificates.

83.     Pursuant to Minnesota Statute § 8.31 subdivision 3a, Plaintiff and Class members seek to recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court.

84.     Furthermore, pursuant to Minnesota Statute § 8.31 subdivision 3, Plaintiff seeks an order requiring Groupon to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Groupon to return the full amount of money improperly collected to all those who have paid them.

## COUNT V

**Violations of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq.*, on behalf of Plaintiff and Class Members Who Reside in Minnesota Against Groupon**

85.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Class Action Complaint as if set forth herein.

86.     Minnesota Unlawful Trade Practices Act § 325D.09 *et seq.* prohibits various unlawful practices that mislead and deceive consumers.  Specifically, section 325D.13 states that "No person shall, in connection with the sale of merchandise, knowingly misrepresent, directly or indirectly, the true quality . . . of such merchandise." Minn. Stat. § 325D.13.

87.      Groupon intentionally misrepresented and falsely promised the quality of its "goupon" gift certificates by imposing expiration dates that were in fact illegal under both

federal and state law and contrary to public policy.  Indeed, Plaintiff and Class members relied upon the misrepresentations to their detriment.

88.     Accordingly, pursuant to Minnesota Statute §§ 8.31 subdivision 3 & 3a, Plaintiff and Class members seek to recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court; and seek an order requiring Groupon to immediately cease selling and/or issuing "groupon" gift certificates with expiration dates that are, in fact, illegal under federal and state laws and contrary to public policy in Minnesota.

## COUNT VI

**Violation of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44 *et seq.*, on behalf of Plaintiff and Class Members Who Reside in Minnesota Against Groupon**

89.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Class Action Complaint as if set forth herein.

90.     The Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44, provides protection for Minnesota consumers against unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services.

91.     Groupon's ongoing placement of illegal expiration dates and imposition of other deceptive sales terms on "groupon" gift certificates violate the following subsections of Minn. Stat. § 325D.44 in these respects:

(5)     represents that goods or services have . . . characteristics . . . uses, [or] benefits . . . that they do not have;

(7)     represents that goods or services are of a particular standard, quality, or grade, . . . if they are of another;

(9)     advertises goods or services with intent not to sell them as advertised; and

(13)    engages in any other conduct which similarly creates a likelihood of

confusion or of misunderstanding.

92.    By reason of the foregoing, Plaintiff and the Class haven been irreparably harmed,

entitling them to injunctive relief under Minnesota Statute § 325D.45 subdivision 1.

93.    Furthermore, as detailed above, Plaintiff and Class members seek to recover costs

of investigation and reasonable attorneys' fees, pursuant to Minnesota Statute § 325D.45

subdivision 2, because Groupon willfully sells and/or issues "groupon" gift certificates that

impose expiration dates that are, in fact, illegal under federal and state laws.

## COUNT VII

**Quasi-Contract/Restitution on Behalf of Plaintiff and All Class Members Against Groupon**

94.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this

Class Action Complaint as if set forth herein.

95.    Groupon has profited, and continues to profit,  at the expense of Plaintiff and the

Class members by its wrongful acts and omissions described herein, including knowingly and/or

recklessly selling and issuing and/or agreeing to sell and issue "groupon" gift certificates that

feature and are subject to expiration dates that are prohibited under both federal and Minnesota

state laws and similar laws in other states; disseminating and/or agreeing to disseminate, through

Groupon's website and other promotional channels, misleading and partial statements about

"groupon" gift certificates that have a tendency to mislead the public; forcing consumers to

redeem the gift certificates in the course of a single transaction; not providing for the exchange

of any unused portion of the gift certificates for their cash value; and unfairly limiting consumers

from using more than one "groupon" gift certificate during each visit to the retail business

offering the particular product or service.

96.     Groupon appreciated and/or realized the benefits in the amount of the profits they earned from the sales of "groupon" gift certificates to Plaintiff and Class members.

97.     Groupon profited from its unlawful, unfair, misleading, and deceptive practices and advertising at the expense of Plaintiff and Class members, under circumstances in which it would be unjust for Groupon to be permitted to retain the benefit.

98.     Plaintiff and Class members were deprived of the use of their money that was charged and collected by Groupon through the sale of "groupon" gift certificates with expiration dates.

99.     Plaintiff does not have an adequate remedy at law against Groupon.

100.    Plaintiff and Class members are entitled to restitution of monies paid and disgorgement of the profits derived from the sale of the "groupon" gift certificates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Groupon as follows:

A.     For an order declaring this a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed classes described herein and appointing Plaintiff to serve as class representative and Plaintiff's counsel as Lead Counsel for the Class;

B.     For an order preliminarily and permanently enjoining Groupon from continuing to sell and issue "groupon" gift certificates and pursue the above policies, acts and practices related to the sale and issuance of such gift certificates;

C.     For an order requiring Groupon to fund a corrective advertising campaign in order to remedy its wrongful and illegal conduct;

D.     For an order awarding restitution of the monies Groupon wrongfully acquired by its wrongful and illegal conduct;

E.    For an order requiring disgorgement of monies wrongfully obtained as a result of Groupon's wrongful and illegal conduct;

F.    For compensatory damages, including actual and statutory damages, arising from Groupon's wrongful and illegal conduct

G.    For an award of reasonable attorneys' fees and all costs and expenses incurred in the course of prosecuting this action;

H.    For pre-judgment and post-judgment interest at the legal rate; and

I.    For such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED:  March 7, 2011

MYLES A. SCHNEIDER & ASSOC., LTD.

s/Myles A. Schneider
_____
MYLES A. SCHNEIDER (#305479)

710 DODGE AVENUE NW
SUITE A
ELK RIVER, MN  55330
Telephone: 763/315-1100
Facsimile: 877/294-4254

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
ELAINE A. RYAN
PATRICIA N. SYVERSON
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
Facsimile: 602/274-1199

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
TODD D. CARPENTER
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone:  619/756-6978
Facsimile:  602/798-5860

Attorneys for Plaintiff